IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY CAIN, | |
| Plaintiff, | |
| v. | Case No. 3:19-CV-643-NJR-GCS |
| CONTINENTAL TIRE, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion for Leave to Proceed *in forma pauperis* filed by Plaintiff Gregory Cain (Doc. 3). Cain filed this employment discrimination lawsuit pursuant to Title VII of the Civil Rights Act of 1967, as amended, 42 U.S.C. § 2000e-5, and/or 42 U.S.C. § 1981 (Doc. 2), claiming Defendant Continental Tire discriminated against him on the basis of his race. Cain asserts Continental Tire refused to give him proper medical treatment or take him to the hospital, harassed him by putting inappropriate things like a maxi-pad on his locker, and sent negative text messages. He further claims his supervisors made racist statements (*Id.*). He now moves to proceed without prepayment of the required filing fees.

Under 28 U.S.C. § 1915(a)(1), a federal court is authorized to permit an indigent party to commence a civil action without prepaying the required fees if the party submits an affidavit that includes a statement of all assets he or she possesses and that demonstrates the party is unable to pay such fees. 28 U.S.C. § 1915(a)(1). Complete destitution is not required to proceed *in forma pauperis*; an affidavit demonstrating that

the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

The Court has reviewed Cain's affidavit (Doc. 3) and finds that he is indigent. Cain attests that he brings home around $384 per week but that he owes $581 per month for rent, $325 per month for utilities, and a total of $1,481 per month in child support. He also claims no assets other than his mother's car, and he has only $387 in his checking account. Based on these facts, the Court finds Cain's poverty level justifies granting him IFP status.

But, that does not end the inquiry. Under Section 1915(e)(2), the Court must then screen the indigent plaintiff's complaint and dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of the motion to proceed IFP requires the undersigned to review the allegations of the complaint.

In reviewing the complaint, the undersigned is aware that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in

the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). "[I[nstead that the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

**42 U.S.C. § 1981**

Section 1981 prohibits discrimination on the basis of race in the making and enforcing contracts, including employment contracts. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459 (1975). To state a claim under Section 1981, a plaintiff must show that (1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination interfered with a protected activity under Section 1981, including the right to make and enforce contracts. *See Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996); *see also Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 756 (7th Cir. 2006).

Here, Cain has not alleged that he is a member of a racial minority, that Continental Tire had an intent to discriminate on the basis of his race, and that the discrimination interfered with his right to make and enforce an employment contract. Thus, even construing the Complaint liberally, the Court finds Cain has failed to state a claim under 42 U.S.C. § 1981.

**Title VII of the Civil Rights Act of 1967**

Title VII prohibits employers from discriminating against employees because of their race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a)(1). A Title VII discrimination claim requires a showing that an adverse employment action was

motivated by discriminatory animus. *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). "The statute also forbids employers from retaliating against employees for complaining about prohibited discrimination" and "subjecting an employee to a hostile work environment." *Id.* at 917.

To bring a Title VII claim, a plaintiff must first file a charge with the EEOC detailing the alleged discriminatory conduct, and the EEOC must issue a right to sue letter. *Conner v. Illinois Dep't of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005). The claims brought in a lawsuit must then be "within the scope of the charges filed with the EEOC; '[a]n aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination.'" *Id.* (quoting *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992)). "The complaint filed in the district court and the charge filed with the EEOC must, at a minimum, describe the same circumstances and participants." *Id.*

Here, Cain's claim that he was discriminated against because of his race "could encompass a wide range of unlawful employment practices." *Gaytan v. City of Chicago*, No. 11 CV 8624, 2012 WL 2597932, at *4 (N.D. Ill. July 5, 2012). Because Cain can only proceed on claims that are within the scope of his EEOC charge, the Court must look to the factual allegations in his EEOC charge to determine the scope of his legal claims in federal court. *See id.* Unfortunately, however, Cain did not attach his EEOC charge to the Complaint, instead attaching only the Right to Sue letter. Therefore, it is unclear to the Court what claim or claims Cain is attempting to bring.

As best the Court can tell, it appears Cain is trying to raise a hostile work

environment claim as opposed to a discrimination or retaliation claim. But to state a Title VII hostile work environment claim, a plaintiff must allege (1) he was subject to unwelcome harassment; (2) the harassment was based on his race; (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is basis for employer liability. *Cooper–Schut v. Visteon Auto. Sys.*, 361 F.3d 421, 426 (7th Cir. 2004). To rise to the level of a hostile work environment, conduct must be sufficiently severe or persuasive to alter the conditions of employment such that it creates an abusive relationship. *Alexander v. Casino Queen, Inc.*, 739 F.3d 972, 982 (7th Cir. 2014).

Here, the factual allegations in the Complaint are too bare bones to state a claim. Cain alleges he was subject to harassment including "negative" text messages, maxi-pads on his locker, and racist statements by supervisors such as "blacks with big noses run fast, blacks with small noses make a lot of babies," but he does not explain how this alleged harassment was so severe or pervasive so as to alter the conditions of his employment and create an abusive working environment. He also claims his employer refused to seek proper medical treatment for him, but he does not explain the circumstances or why his employer should have sought medical treatment for him. While it is true that a Complaint need only allege sufficient facts to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), as noted above, a plaintiff cannot simply put a few words on paper that suggests something illegal might have happened. *Swanson*, 614 F.3d at 403. The Court simply needs more information before it can determine whether Cain can proceed with his Title VII claim against Continental Tire.

For these reasons, the Complaint is **DISMISSED without prejudice** for failure to state a claim. The Court **GRANTS** Plaintiff Gregory Cain leave to refile an Amended Complaint on or before **September 13, 2019**. Cain is encouraged to consult the Court's website, www.ilsd.uscourts.gov, for sample forms (under "Rules & Forms"—"For Self Help/Pro Se Parties").

The Court **RESERVES RULING** on Cain's Motion for Leave to Proceed *in forma pauperis* (Doc. 3). The Court also advises Cain that, should his Amended Complaint pass initial review, he will be responsible for serving Continental Tire unless he moves for service of process at the Government's expense.

**IT IS SO ORDERED.**

DATED:   August 14, 2019

*[signature]*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**