IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GREGORY CAIN,

          **Plaintiff,**

v.

                                  **Case No. 3:19-CV-643-NJR**

CONTINENTAL TIRE,[1]

          **Defendant.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the Motion for More Definite Statement filed by Defendant Continental Tire the Americas, LLC ("CTA"). CTA asks the Court to order Plaintiff Gregory Cain to provide a more definite statement of his claims and a clear and concise statement of the facts supporting those claims. CTA argues that, while Cain has checked boxes to indicate he is raising claims based on race under Title VII of the Civil Rights Act of 1964, disability under the Americans with Disabilities Act, national origin under Title VII, and "hostile work environment," he has failed to provide facts that support these claims. Instead, he submitted a 9-page brief that describes several CTA policies with no connection to his legal claims. Cain did not respond to CTA's motion for more definite statement.

Rule 8 of the Federal Rules of Civil Procedure provides that "a pleading that states

---

[1] The Clerk of Court is **DIRECTED** to correct Defendant's name on the docket to Continental Tire the Americas, LLC.

a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). While a complaint need not include detailed factual allegations, there "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, (citing *Twombly*, 550 U.S. at 556). These requirements ensure that "the defendant [receives] fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Twombly*, 550 U.S. at 556 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (2007)).

A party may file a motion for a more definite statement, however, where the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). "Motions under Rule 12(e) are disfavored generally, and courts should grant such motions only if the complaint is so unintelligible that the defendant cannot draft a responsive pleading." *Clemons v. Trustees of Indiana Univ.*, No. 119CV04668JRSDML, 2020 WL 2039752, at *1 (S.D. Ind. Apr. 28, 2020) (quoting *Rivera v. Lake Cty.*, 974 F. Supp. 2d 1179, 1195 (N.D. Ill. 2013)). When the complaint apprises the responding party of the substance of the claim being asserted, or where the details can be obtained through discovery, the motion should be denied. *Id.* (citing *E.E.O.C. v. Concentra*

*Health Servs., Inc.*, 496 F.3d 773, 779 (7th Cir. 2007) ("Most details are more efficiently learned through the flexible discovery process.")).

In its Motion for More Definite Statement, CTA requests that the Court order Cain to:

- identify the factual allegations supporting his discrimination, ADA, harassment, and his medical negligence claims;

- identify the federal and/or state law under which he is attempting to assert a hostile work environment claim and the facts supporting that claim;

- identify the federal and/or state law under which he is attempting to assert a retaliation claim, his allegedly protected activity, and the conduct of CTA that Cain alleges violated such law;

- identify the laws under which Cain is attempting to assert a claim, if any, related to his workers' compensation rights and the conduct of CTA that he alleges violated such laws; and

- identify the laws under which Cain is attempting to assert a claim, if any, related to CTA's alleged "corruption" and the conduct of CTA that he alleges violated such laws.

Many of these issues are addressed in the Court's Order reviewing the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and granting Cain leave to proceed *in forma pauperis* (Doc. 16). As discussed in that Order, Cain asserts in his Illinois Department of Human Rights Charge of Discrimination that he was injured at work and, because he is Black, was denied medical treatment and was required to take drug tests

(Doc. 13 at p. 19). Cain claims that similarly situated, non-Black employees were provided medical assistance when injured on duty and were not required to take a drug test (*Id.*). These allegations support his Title VII and 42 U.S.C. § 1981 discrimination claims.

With regard to his ADA discrimination claim, Cain alleges he has carpal tunnel syndrome and that he was forced to take short-term disability, as CTA stated there was no work for Cain to do with his specific injuries (*Id.* at pp. 9-10).

As for his Title VII retaliation claim, Cain asserts that on September 26, 2018, he filed a complaint against CTA and its medical claims insurance company, Sedgwick, and on October 25, 2018, he had an interview with the EEOC (*Id.* at p. 9). Cain claims CTA and Sedgwick were not happy with his EEOC complaint, so they retaliated by putting a halt to his medical treatment (*Id.*). The Court noted that refusing to pay for further medical treatment could be considered a reduction in Cain's employment benefits.

Finally, with regard to Cain's hostile work environment and medical negligence claims, the Court again refers CTA to its January 15, 2020 Order, which dismissed these claims (to the extent Cain was asserting them) without prejudice (Doc. 16). The Court's threshold order did not reference Cain's one-word claim of "corruption," thus, any claim Cain may have been attempting to assert regarding corruption should be considered dismissed as well.

The Court agrees with CTA that Cain's Second Amended Complaint is not a model of clarity. It is not separated into claims or counts like a typical complaint submitted by counsel. Yet, that is not grounds to require a more definite statement. *See Ho v. Motorola, Inc.*, No. 07 C 6743, 2008 WL 4542951, at *1 (N.D. Ill. May 2, 2008) ("Plaintiff need not

allege in detail every fact and legal conclusion he deems relevant, nor need he set out every allegation in separate paragraphs. He need only state, in the plainest of words, his case, and why he is entitled to relief."). More importantly, the factual allegations, while sparse, provides sufficient detail for CTA to prepare a response. Any further facts and details regarding Cain's claims can be obtained during discovery. *See Washington v. Association for Individual Development*, No. 09 C 2478, 2009 U.S. Dist. 101591 (N.D. Ill. Oct. 29, 2009) (denying motion for more definite statement because Defendant could probe the exact contours of Plaintiff's allegations through discovery).

For these reasons, Defendant Continental Tire the Americas, LLC's Motion for More Definite Statement (Doc. 24) is **DENIED**. For purposes of responding to the Complaint, however, the Court divides Cain's claims in the Second Amended Complaint into the following counts:

> **Count I:**   Race and/or national origin discrimination under Title VII of the Civil Rights Act of 1967 and 42 U.S.C. § 1981;
>
> **Count II:**   Discrimination under the Americans with Disabilities Act of 1990; and
>
> **Count III:**   Retaliation under Title VII of the Civil Rights Act of 1967.

**IT IS SO ORDERED.**

**DATED:   September 22, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**