IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GREGORY CAIN,

      Plaintiff,

v.

CONTINENTAL TIRE THE
AMERICAS, LLC,

      Defendant.

Case No. 19-cv-643-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    Plaintiff Gregory Cain ("Cain") filed this action against his former employer, Continental Tire The America's LLC ("CTA"), claiming hostile work environment and race and national origin discrimination under Title VII of the Civil Rights Act of 1967, as well as discrimination under the Americans with Disabilities Act ("ADA") (Docs. 1, 5, 13). The case is before the Court on CTA's Bill of Costs (Doc. 68). Cain filed a timely objection and CTA filed a response to the objection (Docs. 70, 80). The Court hereby GRANTS the Bill of Costs.

    Summary Judgment was granted in favor of CTA, and the case was dismissed. (Doc. 65). CTA filed a Bill of Costs shortly after judgment was entered, claiming $2,178.65 in costs, which breaks down to $1,838.97 for deposition transcript and the attendance of the court reporter, as well as $339.68 for fees associated with service of summons and subpoena (Doc. 85).

    The Federal Rules of Civil Procedure provide in pertinent part:

> "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the

> prevailing party.... The clerk may tax costs on 14 days' notice. On motion served within the next seven (7) days, the Court may review the Clerk's action." FED. R. CIV. P. 54(d)(1).

Rule 54 gives prevailing parties a "strong presumptive entitlement to recover costs" other than attorneys' fees.  Perlman v. Zell, 185 F.3d 850, 858 (7th Cir. 1999); Luckey v. Baxter Healthcare Corp., 183 F.3d 730 (7th Cir. 1999).  The specific categories of costs which may be taxed are set out in 28 U.S.C. § 1920, including "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." CTA was clearly the prevailing party, having obtained judgment in its favor on all claims against it. The costs claimed are within the categories allowed by 28 U.S.C. § 1920 and are reasonable under normal rates for such litigation services.

At the outset, Cain filed motion for leave to proceed *in forma pauperis* ("IFP"), which was granted by this Court (Docs. 3, 16). The Court presumes that a prevailing party is entitled to costs as a matter of course but has the discretion to deny or reduce costs where warranted – including the indigency of the non-prevailing party. *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).  To deny a bill of costs on the grounds of indigency, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006) (*quoting McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)). The losing party carries the burden of providing the court with "sufficient documentation to support such a finding." *Rivera*, 469 F.3d at 635 (internal quotations omitted). "This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id.* If the court makes a threshold

finding of indigence, it must then consider "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case." *Id*. at 635-36.

Cain objected to the Bill of Costs (Doc. 70). His objection was one-page of handwriting that asserted his inability to pay and cited his IFP status (*Id*.). Cain also alleged that it was unconstitutional but did not attach any documentation to support his contention (*Id*.).

Although Cain was allowed to proceed in forma pauperis when this action was commenced, that determination was made in January 2020 based on information that was filed in June 2019. (Docs. 4, 5). Cain did not provide any documentation with his objection establishing indigency at this time or his future ability to pay costs. Instead, he relies on his prior documentation that is more than two years old.

As previously noted, under Rule 54(d)(1), there is a presumption that costs are awarded to the prevailing party, and the burden is on the non-prevailing party to overcome the presumption. *Rivera*, 469 F.3d at 636. Plaintiff has not met that burden. Furthermore, even if Cain could meet the indigency standard, the Court would then consider the good faith of the losing party as well as the closeness and difficulty of the issues raised by the case and Cain would not prevail on that analysis.

Accordingly, the Bill of Costs (Doc. 68) is **GRANTED** over Cain's objection. The Clerk of Court is DIRECTED to tax costs against Plaintiff in the amounts of $2,178.65.

**IT IS SO ORDERED.**

**DATED: November 12, 2021**

/s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**